SUPREME COURT.

THE PEOPLE *ex rel.* JAMES KEDIAN and another, respondents, agt. WILLIAM H. NEILSON, President of the Board of Education, and others, appellants.

*Board of Education, New York, not a part of the city government — how funds are procured from the board.*

The board of education of the city of New York is not a department of the municipal government of that city, and the provisions of the charter 1873), in reference to the payment of moneys from the city treasury, do not apply to that board.

The several acts of the legislature relating to this subject contemplate that moneys required for the purposes of the board of education, or of the college of the city of New York, should be drawn out from the treasury of the city only by the draft of the president of said board of education, countersigned by the clerk of said board.

Neither the auditor nor comptroller of the city have anything to do with claims against the board of education.

*First Department, General Term, October,* 1874.

APPEAL from an order directing a mandamus to issue against the appellants.

*J. W. Gerard,* for relators.

*E. Delafield Smith,* corporation counsel, for appellants.

LAWRENCE, *J.*— I am in favor of affirming the order in this case, so far as it relates to the appellant Neilson; but I have, with great reluctance, been forced to the conclusion that the order below is erroneous, so far as it relates to the appellants

Green and Earle. In my opinion, neither Mr. Green nor Mr. Earle has anything to do with the claim of the relators.

At the time the bills of the relators were audited by the executive committee of the college, and approved by the trustees, the board of education was not a department of the municipal government of the city of New York, and the provisions of the charter of 1873, in reference to the payment of moneys from the city treasury, did not apply to that board. (*Laws of* 1873, *p.* 492).

The board of education, prior to the amendment to the charter of 1870, passed in 1871, had never been one of the departments of the city government, but had always been a separate organization, having its own separate funds, and empowered to draw money from the city treasury, in accordance with the provisions of special statutes (*Laws of* 1871, *vol.* 2, *p.* 1244; *see act referred to in Davis', P. J., opinion ; also Davies' Laws, p.* 1054, *sec.* 16).

By the act of March 21, 1873, the board of education was again reconstructed as a distinctive educational branch of government, and was not made a part of the general city government (*Laws of* 1873, *p.* 196). So, too, in the enumeration of the different departments of the city government, contained in the charter, the board of education is omitted (*Charter, Laws* 1873, *p.* 491).

The provisions relating to the drawing of. money from the city treasury (*Charter* 1873, *p.* 491) only relate to departments and officers of the city government as such, and do not, in my opinion, apply to this case, where, as is conceded by the court below and by the relators' counsel, the claim is neither against the city nor county.

The acts referred to in the opinion at special term, and other acts relating to the same subject, contemplate that moneys required for the purposes of the board of education, or of the college of the city of New York, should be drawn out from the treasury of the city only by the draft of the president of said board (of education), countersigned by the

clerk of said board. The clerk of the board of education is not a party to this proceeding. He should have been made a party, and the mandamus should have been asked for against him as well as the president. The city auditor and comptroller were not, in my opinion, either necessary or proper parties to the proceeding; and the provisions of the charter, which are relied upon by their counsel, do not seem to me to give to the one the right to audit, nor to the other the right to draw, a warrant for any claim arising out of an employment by the trustees of the college of New York.

If it should be said that a portion of the relators' claim accrued while the board of education constituted a part of the city government, the obvious answer seems to me to be, that long before the work had been completed the board of education had been reconstructed as a separate and distinct govermental agency, and that the provisions of the city charter did not, therefore, apply to any action which that board, acting as the trustees of the college of New York, took, subsequent to the passage of the new act, and that the auditing, satisfaction and approval of the relators' bills took place subsequent to the passage of said act.

As it is admitted that the money has been raised; that the amount claimed by the relators is due, and that there is nothing but a technical objection to the payment of the relators, I think that the proper order in this case will be to affirm the order below, so far as it relates to the appellant Neilson; to reverse it as to the appellants Earle and Green, without costs, and with leave to the respondents to immediately apply to the court for a mandamus against the clerk of the board of education, to compel him to countersign the draft of the president of the board, in case such clerk should refuse so to do.

DONOHUE and DANIELS, JJ., concurred.